**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3807
_____

YURIY S. EPSHTEYN,
                                        Appellant

v.

COURT OF COMMON PLEAS DELAWARE COUNTY PA;
PHILIP IANNUCCI; DENISE GREEN, H/W
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-01046)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2015

Before:  RENDELL, GREENAWAY, JR. and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 25, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Yuriy Epshteyn appeals the District Court's order dismissing his complaint. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Epshteyn's claims are well known to the parties and need not be discussed at length. Briefly, Epshteyn had a dispute over a property line with his neighbor, Philip Iannucci. Epshteyn filed a civil action in The Court of Common Pleas of Delaware County alleging over 1100 instances of trespass and nuisance by Iannucci. After Epshteyn placed a lis pendens on Iannucci's property, Iannucci brought a counterclaim against Epshteyn. A jury found in favor of Iannucci on both Epshteyn's claims of trespass and nuisance and Iannucci's counterclaims of abuse of process, trespass, and intentional interference with contracts. The jury awarded Iannucci $40,000 in compensatory and punitive damages.

In his amended federal complaint, Epshteyn contended that the Court of Common Pleas conspired with Iannucci and his wife, Denise Green, to deprive him of due process in state court which resulted in an unjust jury verdict against him. The District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e), concluding that the claims against the Court of Common Pleas were barred by Eleventh Amendment immunity and the claims against Iannucci and Green failed because they were not state actors. Epshteyn filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The District Court was correct that Appellant's claims against the Court of Common Pleas for

2

Delaware County are barred by Eleventh Amendment immunity. <u>Benn v. First Judicial Dist. of Pa.</u>, 426 F.3d 233, 240 (3d Cir. 2005).

Epshteyn asserts that his injuries include the state court judgment against him. He requests that the judgment be voided. The <u>Rooker-Feldman</u> doctrine deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). The Supreme Court has explained that this doctrine is narrow and confined to cases, such as this one, "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005). The District Court was correct that it lacked jurisdiction over Epshteyn's challenges to the judgment or decisions of the Court of Common Pleas.

To the extent that Epshteyn is complaining that Appellees conspired to violate his right to due process and a fair result in the state court, the District Court had jurisdiction over his claim. <u>See</u> <u>Great W. Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 167, 171-73 (3d Cir. 2010). However, Epshteyn's conclusory allegations of a conspiracy by Appellees fail to state a claim. He has not pleaded any facts that suggest a meeting of the minds between Iannucci, Green, and any employees of the Court of Common Pleas. <u>Id.</u> at 179 (citing <u>Bell Atl. Corp., v. Twombly</u>, 550 U.S. 544, 556 (2007)). His failure to adequately plead a conspiracy also precludes his claims under 42

3

U.S.C. § 1983 that Iannucci and Green conspired with state actors to deprive him of his constitutional rights. This is because he has not sufficiently alleged that Appellees Iannucci and Green, as private actors, acted jointly with the Court of Common Pleas. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). And Epshteyn has not set forth any facts supporting his claims that Appellees' actions were motivated by racial or class-based animus. See 42 U.S.C. §§ 1981, 1985.

For the above reasons, we will affirm the District Court's judgment. Epshteyn's motions to ban judicial reprisal and to expand the record are denied. See 28 U.S.C. § 2283.